# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JAZEMINE AMA LEE,

                Plaintiff,

v.

WOOD COUNTY, WOOD COUNTY
POLICE DEPARTMENT, and
DEPUTY ALESHA BRONDIDGE,

                Defendants.

Case No. 25-CV-180-JPS

**ORDER**

      Plaintiff Jazemine Ama Lee ("Plaintiff"), proceeding pro se, filed this action in February 2024. ECF No. 1. Pursuant to 28 U.S.C. § 1915, the assigned judge, Magistrate Judge Nancy Joseph, screened Plaintiff's complaint.[1] ECF No. 6. Magistrate Judge Joseph found that Plaintiff's allegations that Deputy Alesha Brondidge violated her constitutional rights lacked sufficient facts, under various potential legal theories, to state any plausible claim against this Defendant. *Id.* at 4–6. Magistrate Judge Joseph also found that, with respect to Defendants Wood County and the Wood County Police Department, the complaint failed to state a claim because it did not allege any municipal policy or custom that caused the asserted violations of her constitutional rights. *Id.* at 3 (citing *Monell Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978)).

      Magistrate Judge Joseph gave Plaintiff an opportunity to amend her complaint to correct these pleading issues. *Id.* at 6–7. Plaintiff's amended

---

[1] Plaintiff also submitted a request for leave to proceed in forma pauperis, ECF No. 4, which Magistrate Judge Joseph granted, ECF No. 6 at 2.

complaint was due on May 8, 2025, and she was given notice that her complaint would be dismissed if she did not file an amended complaint. *Id.* Plaintiff did not timely file an amended complaint addressing the above-described deficiencies, so Magistrate Judge Joseph now recommends that her case be dismissed for failure to state a claim. ECF No. 7. Magistrate Judge Joseph informed Plaintiff that, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b)(2), and General Local Rule 72(c), she had fourteen days to file an objection to the recommendation of dismissal. *Id.* at 2.

Both deadlines have passed and the Court has received no objection or amended complaint from Plaintiff. Having received no objection to Magistrate Judge Joseph's report and recommendation, the Court will adopt it, subject to the following clarification.

While the Court agrees with Magistrate Judge Joseph's assessment of the threadbare allegations in the complaint, it also notes that the case was improperly filed in the Eastern District of Wisconsin. The complaint indicates that all Defendants are located in Wood County and all relevant events took place there. *See generally* ECF No. 1. Wood County is in the Western District of Wisconsin. 28 U.S.C. § 1391(b) (federal venue appropriate either in judicial district where any defendant resides or a district where substantial part of events or omissions giving rise to the claim occurred). The Court may either dismiss or transfer a case filed in an improper venue. 28 U.S.C. § 1406(a). Therefore, § 1406(a) provides a basis for dismissal.

Additionally, the Court may dismiss an action for a plaintiff's failure to prosecute. Fed. R. Civ. P. 41(b); Civ. L.R. 41(c). Here, Plaintiff failed to prosecute her case by failing to timely file an amended complaint.

Page 2 of 3
Case 2:25-cv-00180-JPS     Filed 06/17/25     Page 2 of 3     Document 8

The Court will therefore dismiss this case without prejudice due to improper venue and Plaintiff's failure to prosecute.

Accordingly,

**IT IS ORDERED** that Magistrate Judge Nancy Joseph's Report and Recommendation, ECF No. 7, be and the same is hereby **ADOPTED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED without prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 17th day of June, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge